UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

RAFAEL J. VASQUEZ,

    Plaintiff,

vs.

LORIA HAIR RESTORATION LLC, a
Florida Limited Liability Company, and
VICTOR LORIA, individually,

    Defendants.
_____/

# **COMPLAINT**

COMES NOW Plaintiff RAFAEL J. VELASQUEZ, by and through his undersigned attorneys, and hereby sue Defendants, LORIA HAIR RESTORATION LLC, a Florida Limited Liability Company, and VICTOR LORIA, individually, and as grounds alleges:

## JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs and attorney's fees for willful violations of overtime wages under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA"). This is also an action for Breach of Contract under Florida common law.

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, a federal statute.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and (d).

5. Defendant LORIA HAIR RESTORATION LLC ("LORIA HAIR") is a Florida limited liability company which regularly conducted business within the Southern District of Florida. Specifically, LORIA HAIR performs hair transplantation.

6. LORIA HAIR is and, at all times pertinent to this Complaint an enterprise engaged in commerce, as it had two or more employees on a regular and consistent basis handle goods and/or materials that had moved in interstate commerce. Specifically, Plaintiff and one other employee of LORIA HAIR would routinely handle or used office supplies, computers, phones, and other office tools materials on a regular and consistent basis. These office tools and materials handled or used by Plaintiff, as well as other employees of LORIA HAIR, had travelled in interstate commerce. Furthermore, LORIA HAIR, by and through their employees, obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business and transmits funds outside the State of Florida.

7. Upon information and belief, the annual gross revenue of LORIA HAIR was at all times material hereto in excess of $500,000.00 per annum gross annual revenue in excess of $500,000 for the year 2019.

8. By reason of the foregoing, LORIA HAIR is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s) and/or Plaintiff is within interstate commerce.

9. The individual Defendant, VICTOR LORIA, is an "employer," as defined in 29 U.S.C. § 203(d), as he had operational control over the Defendant corporation and is directly involved in decisions affecting employee compensation and hours worked by employees such as

Plaintiff. Defendant VICTOR LORIA controlled the purse strings for the corporate Defendant. Defendant VICTOR LORIA hired and fired employees, determined the rate of compensation and was responsible for ensuring that employees were paid the wages required by the FLSA.

## **COUNT I: OVERTIME WAGES**

10. Plaintiff re-allege and re-aver paragraphs 1 through 9 as fully set forth herein.

11. Plaintiff was employed by the Defendants as a non-exempt employee who performed duties including (the primary duty of) searching for locations to open new branches of the corporate Defendant, and organizing and setting up a Doral warehouse.

12. Plaintiff was employed from on or about May 2019 through on or about October 10, 2019.

13. Plaintiff worked approximately 49 to 52 hours per week.

14. Plaintiff was paid a rate of approximately $580 per week.

15. Defendants were required to pay Plaintiff his overtimes wages.

16. Plaintiff was not paid overtime wages when he worked more than 40 hour per week. Accordingly, Plaintiff claims the halftime rate for each hour worked over 40 hours weekly.

17. The FLSA requires that employees be paid overtime hours worked in excess of forty (40) hours weekly at a rate of time-and-one-half the regular rate. At all times material hereto, Defendants failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendants to properly pay him at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

18. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act.

Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was working more than 40 hours per week. Defendants were aware of Plaintiff's pay records and the rate that they were being paid for their hours. Despite Defendants' having knowledge of Plaintiff's hours and their failure to pay overtime wages, Defendants did not change its pay practices and continued to fail to pay Plaintiff, and those similarly situated, the overtime wages that were due. Thus, Defendants continue to willfully violate the FLSA.

19. Plaintiff has retained the law offices of the undersigned attorneys to represent them in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff request compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT II: UNPAID WAGES / COMMISSIONS

20. Plaintiff re-allege and re-aver paragraphs 1 through 19 as fully set forth herein.

21. This Court has supplemental jurisdiction under 28 U.S.C. §1367 over the Unpaid Wages/ Commissions claim as the claim is so related to the FLSA claims that they form a single case or controversy. Plaintiff's primary duty was to search for new office space where the Defendants could expand their business. As payment for Plaintiff's work, Defendants agreed to pay Plaintiff a wage of approximately $580 per week, and further agreed to compensate Plaintiff for each office that was, in fact, opened. Thus, the claims for FLSA and Unpaid Wages/

Commissions overlap as they relate to the same duties that Plaintiff performed, concerning the same parties whom agreed to pay him these sums.

22. Plaintiff was employed by the Defendants as a non-exempt employee who performed duties including (the primary duty of) searching for locations to open new branches of the corporate Defendant, and organizing and setting up a Doral warehouse.

23. Plaintiff was employed from on or about May 2019 through on or about October 10, 2019.

24. As part of the employment agreement offered and agreed to by Plaintiff, Defendants agreed to pay an additional sum, not less than $5,000.00 and up to a maximum of $10,000, for each new office that was scouted by Plaintiff and eventually opened by Defendants. This sum was in addition to the wages that Defendants agreed to pay Plaintiff.

25. Plaintiff scouted several sites for Defendants as part of his duties. In particular, one site which Plaintiff scouted was opened as a new office.

26. Defendants failed to pay Plaintiff any commissions for the opening of said new office.

27. As a result, Plaintiff has been damaged by the Defendants for failing to pay the additional agreed upon sum.

28. All conditions precedent have been met before the filing of this complaint and/or have been waived by Defendants.

29. Plaintiff has retained the law offices of the undersigned attorneys to represent them in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to Fla. Stat. §448.08, to be proven at

the time of trial for commissions owing to Plaintiff, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues triable as of right by jury.

Dated: February 25, 2020

Law Office of Daniel T. Feld, P.A.
*Co-Counsel for Plaintiff*
2847 Hollywood Blvd.
Hollywood, Florida 33020
Tel: (954) 361-8383
Email: DanielFeld.Esq@gmail.com

*/s Daniel T. Feld*
Daniel T. Feld, Esq.
Florida Bar No. 37013

Mamane Law LLC
*Co-counsel for Plaintiff*
10800 Biscayne Blvd., Suite 650
Miami, Florida 33161
Telephone (305) 773 - 6661
E-mail: mamane@gmail.com

*s/ Isaac Mamane*
Isaac Mamane, Esq.
Florida Bar No. 44561